UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Arturo Bahena Escobar,                                              Civ. No. 09-3717 (PAM/JJK)

                           Petitioner,

v.                                                                  **MEMORANDUM AND ORDER**

Eric H. Holder, Attorney General,
Janet Napolitano, Secretary of
Homeland Security, John Morton,
Assistant Secretary for Immigration
and Customs Enforcement, and
David J. Venturella, Acting Director,
Officer of Detention and Removal
Operations,
                           Respondents.

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes dated March 9, 2010. In the R&R, Magistrate Judge Keyes recommends that the Court deny Petitioner Arturo Bahena Escobar's Petition for a Writ of Habeas Corpus ("Habeas Petition") under 28 U.S.C. § 2241(c)(3), deny Petitioner's Motion for Discovery pursuant to Fed. R. Civ. P. 26(a), and dismiss this action with prejudice. Petitioner filed timely objections to the R&R.

**BACKGROUND**

Petitioner raises several challenges in his Petition, all of which relate to what he contends is an illegal detainer entered against him by Immigration and Customs Enforcement ("ICE") (formerly known as the Immigration and Naturalization Service, or INS). According to the detainer, in 1994 an individual named Arturo Bahena Escobar was apprehended by

INS in North Dakota on criminal charges. The individual failed to appear at his deportation hearing and was ordered deported by an immigration judge. In 1998, an individual named Arturo Bahena Escobar was apprehended by INS in Minnesota. He was removed from the United States, and, in fact, an INS official observed him returning to Mexico at that time.

Petitioner claims that he is not the same Arturo Bahena Escobar as the individual or individuals involved in the 1994 and 1998 proceedings. He insists that the first time he had contact with INS/ICE was in June 1998, when he was arrested in Minnesota on charges related to possession and distribution of methamphetamine. The INS issued a detainer against Petitioner at that time, notifying the Unites States Marshal that it was investigating Petitioner's immigration status and requesting 30 days' notice prior to Petitioner's release from custody. In May 1999, Judge David S. Doty of this Court sentenced Petitioner to 320 months on the drug charges, and Petitioner began serving that sentence at the Federal Correction Institution ("FCI") in Lompoc, California. He was at some point thereafter transferred to the FCI in Sandstone, Minnesota, where he is currently incarcerated. The immigration detainer remains in place.

In this Petition, Petitioner claims he is not the same individual who was deported in 1995. He also contends that he has never been deported back to Mexico. Thus, Petitioner asserts that the detainer was wrongfully issued, because it is based on the 1995 deportation order. He argues that he cannot be removed from the country without a hearing because he did not illegally reenter after being removed.

Petitioner's Habeas Petition requested, inter alia, that this Court: (1) order ICE to

retract the 1995 deportation order until an immigration hearing is held to determine whether he can be deported; and (2) grant Petitioner's motion for discovery pursuant to Fed. R. Civ. P. 26(a). In addition to the claims noted above, Petitioner also asserts that the pendency of the detainer has caused a change in his custody status at FCI-Sandstone, which has affected Petitioner's ability to work in the prison..

The Magistrate Judge recommended the denial of both the Petition and the discovery Motion. The R&R recommended that the Petition be denied because Petitioner is not challenging the validity of his conviction, the length of detention, or the legality of his custody, and the R&R concluded that he is not in the actual custody of ICE, the entity to whom the writ is directed. (R&R at 5-6.) The Magistrate Judge rejected Petitioner's claim that his inability to obtain a higher paying job within the Bureau of Prisons ("BOP") due to the immigration detainer constitutes grounds for challenging the conditions of Petitioner's custody. (R&R at 10.)

**ANALYSIS**

Petitioner does not object to the Magistrate Judge's recommendation that his Motion for discovery be denied. In fact, Petitioner withdraws this Motion. (Pet'r's Objs. (Docket No. 10) at 5.) However, the Petitioner contends that the Magistrate erred in recommending a denial of his habeas Petition and dismissal of this action.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

3

judge." 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

Petitioner asserts that the Magistrate Judge erred by finding that the Petition must be denied on the basis that Petitioner challenged neither the validity of his conviction nor the length of his detention. Although Petitioner is correct that a Habeas Petition may challenge not only the validity of conviction and length of detention, but also the execution of the sentence, see Mathney v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002), Petitioner is not in fact challenging the execution of his sentence. Rather, as the R&R noted, Petitioner is not in the custody of ICE, the entity to whom the writ would be directed, and thus there is no basis for the relief he seeks. (R&R at 5-7.)

Custody is an absolute necessity to petition for a writ of habeas corpus. Petitioner must show that his custody violates the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). "Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988). Petitioner is not in the custody of ICE, he is in the custody of the BOP.

The presence of the detainer against Petitioner does not change this analysis. "The filing of an INS detainer, standing alone, does not cause a sentenced offender to come within the custody of the INS for purposes of a petition for a writ of habeas corpus." Campillo, 853 F.2d at 595. Because Petitioner is not in the custody of ICE, his Petition must be denied.

Petitioner argues that he is in the "technical custody" of ICE because of the detainer. Although other courts of appeals have adopted and applied a technical custody rule in

4

immigration detainer situations, the Eighth Circuit Court of Appeals has not done so. See Campillo, 853 F.2d at 596. Petitioner cannot, at least by habeas petition, challenge the immigration detainer or the underlying deportation order until he is taken into actual custody by ICE at a future date.

Further, Petitioner argues that the Magistrate Judge was confused as to the purpose of the Petition, alleging that the R&R focused on the wrongful immigration detainer when it should have focused on the deportation order itself. (Pet'r's Objs. at 4-5.) This objection is unavailing. First, both the deportation order and immigration detainer involved action taken solely by INS/ICE, which does not have custody of Petitioner. Second, the detainer and deportation order are inextricably linked because the detainer was the method by which the BOP was notified of the deportation order. It was the detainer that led to the change in the Petitioner's conditions of custody. Third, the R&R did address Petitioner's constitutional challenges to the deportation order itself, holding that Petitioner's challenge to ICE's ability to deport him without a hearing was not ripe, and that Petitioner's due process challenge to the INS's refusal to grant him a hearing prior to issuing a detainer was not supported by the prevailing law. (R&R at 7-10.) These conclusions are correct.

Finally, Petitioner cannot challenge the effect of the immigration detainer on his work status at FCI-Sandstone. The presence of the detainer means that Petitioner cannot hold a high paying "UNICOR" job. (Docket No. 1, Exs. A-D.) However, this change in Petitioner's work status does not amount to a violation of the Constitution or laws of the United States. As the Magistrate Judge pointed out, any relief related to the change in Petitioner's work

5

privileges must be denied because "[u]nder the applicable Bureau of Prisons regulations, prison officials can consider an INS detainer in assessing a prisoner's security and custody classification." (R&R at 10 (quoting Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989)).)

**CONCLUSION**

Petitioner's objections are without merit. Based on its de novo review, the Court hereby **ADOPTS** the R&R (Docket No. 9). Accordingly, **IT IS HEREBY ORDERED** that:

1. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Docket. No. 1) is **DENIED**;

2. The Motion for Discovery pursuant to Fed. R. Civ. P. 26(a) (Docket No. 2) is **DENIED**; and

3. This action is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Wednesday, March 31, 2010            *s/ Paul A. Magnuson*
                                             Paul A. Magnuson
                                             United States District Court Judge